UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEVEN GEORGE BODNAR, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:26-CV-117-PPS-AZ |
| ELIZABETH BLACKMAN, | |
| Defendant. | |

OPINION AND ORDER

Steven George Bodnar, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bodnar is suing Elizabeth Blackman, his sister, seeking reimbursement for the value of Bodnar's personal property that she disposed of while Bodnar was incarcerated. Bodnar resided with his parents in Portage, Indiana, until his incarceration in 2021. Blackman moved into the Portage home in 2024 to help care for her parents. In 2025, she was granted a guardianship over her parents and their property. As guardian, Blackman petitioned to sell her parent's property and move them to a senior living

facility. Her request was granted, and Blackman made an inventory list of Bodnar's property that remained at the residence, but Bodnar found that list to be incomplete. The missing items are valued at approximately $2,650.00. Bodnar is suing his sister for the value of the items omitted from the inventory. Bodnar's sister continues to reside in Indiana.

Federal courts are courts of limited jurisdiction. *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). To avoid dismissal for lack of subject matter jurisdiction, a plaintiff must demonstrate that either diversity jurisdiction or federal question jurisdiction exists. *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013). For this court to have federal question jurisdiction over this action, Bodnar must allege a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Bodnar has not identified any constitutional provision or federal statute as a basis for his claim. Furthermore, the facts presented do not suggest that any federal constitutional or statutory violation has occurred.

For this court to have diversity jurisdiction over Bodnar's claim, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship between Bodnar and all defendants. *See* 28 U.S.C. § 1332. For individuals, "state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) (per curium curiam). Here, the amount in controversy - $2,650.00 - is far below what is required for diversity jurisdiction. Furthermore, Bodnar indicates he resided with his parents in Portage, Indiana, from 1971, until he was incarcerated. He indicates

that Blackman likewise resides in Indiana. Therefore, it cannot be plausibly inferred that the diversity of citizenship requirement is met.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Such is the case here. Bodnar is not alleging a violation that arises under the Constitution, laws, or treaties of the United States, and there is not diversity of citizenship between Bodnar and the defendant. Furthermore, it was frivolous for Bodnar to bring a suit against his sister stemming from a loss of property valued at $2,650.00 in federal court.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A as frivolous because subject matter jurisdiction is clearly lacking.

SO ORDERED.

ENTERED:  February 3, 2026.

                                         /s/   Philip P. Simon
                                         PHILIP P. SIMON, JUDGE
                                         UNITED STATES DISTRICT COURT